IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-20526-CIV-GOLD/McALILEY
Special Master – Thomas E. Scott

KLAUS HOFMANN,

    Plaintiff,

                       CASE NO.: 09-20526-CIV-GOLD/MCALILEY

v.

EMI RESORTS, INC., *et al.*,

    Defendants
_____/

AUREILO AGUILAR, *et al.*,

    Plaintiff,

                       CASE NO.: 09-20657-CIV-GOLD/MCALILEY

v.

EMI RESORTS, INC., *et al.*,

    Defendants.
_____/

## SUA SPONTE ORDER REGARDING EX PARTE COMMUNICATIONS

This matter is before the Special Master SUA SPONTE following the undersigned's receipt of numerous emails and/or letters from various investors in the subject properties, following the June 9, 2009 hearing. These emails and/or letters are essentially *ex parte* communications and they must stop.

On June 10, 2009, counsel for Plaintiff, Klaus Hofmann, filed a *Notice of Filing* relating to several email communications Mr. Hoffman received and which she indicates were sent by "The Elliott Defendants to Hofmann and Hofmann-like investors." *See,* D.E. 400. The *Aguilar* Plaintiffs' also filed their *Notice of Adopting Klaus Hofmann's Notice of Filing Correspondence [D.E.-400]*. *See,* D.E. 401. Of particular note is Exhibit A to Hofmann's Notice of Filing, which is an email dated June 9, 2009 sent from "elliotttci2@gmail.com" "On Behalf Of Elliott Support." The subject line states "Fred re: A Call to Action to Save Your Interests from James Catledge." This email sets forth five specific bullet-point items and encourages people to reiterate the items to the Special Master through separate direct correspondence. In this regard, the email provides the Special Master's email address, postal address, and telephone and fax numbers. *See,* D.E. 400-2.

Since June 9, 2009, the Special Master has been flooded with numerous emails and/or letters, most of which reiterate some or all of the five specific bullet-point items. The Special Master does not know whether Mr. Elliott did or did not author this email. Even if he did, the Special Master will assume it was just a mistake and that he was not fully aware of the various orders forbidding *ex parte* communications.[1] However, if any such conduct is knowingly repeated again (by any party), the Special Master will need to take action. Preferably, such action can be avoided to allow the expeditious and efficient handling of the matters presently before the Special Master.

---

[1] It is to be noted that, at the June 9, 2009 hearing, I asked each side to provide me with their comments or concerns about potentially allowing limited *ex parte* communications regarding financial information and the proper alignment of parties (including conflict of interest issues). Upon receipt of the same, I would consider the issue in more detail to determine whether such a recommendation should be made to Judge Gold.

Accordingly, it is hereby,

ORDERED and ADJUDGED as follows:

1. The parties shall not communicate with the Special Master on an *ex parte* basis, unless such communications are authorized by Judge Gold.
2. The parties' counsel are required to specifically advise their various clients of this order, and to provide them with a copy of the same.
3. The parties' counsel will be responsible for ensuring that their clients do not attempt any *ex parte* communications, unless such communications are specifically authorized by Judge Gold.
4. The Plaintiffs shall immediately publish this Order in its entirety on the ECC website at http://eclientscom.com.

DONE AND ORDERED in Miami, Florida this 12 day of June, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
U.S. District Judge Alan S. Gold